UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOUNDS GOOD CORPORATION, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    CIVIL ACTION |
| | )    NO.: _____ |
| JEM ACCESSORIES, INC., | ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Sounds Good Corporation ("Sounds Good") brings this action for trademark infringement and trademark dilution against Defendant Jem Accessories, Inc. ("Jem"). The trademark that Jem is infringing and diluting is Sounds Good's federally registered trademark "SIMPLEHOME" (Reg. No. 3,100,469, issued June 6, 2006).

## THE PARTIES

1. Sounds Good is a Massachusetts corporation with its principal place of business in Westborough, Massachusetts.

2. Jem is a New Jersey corporation with its principal place of business in Edison, New Jersey.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (trademark infringement), and 28 U.S.C. § 1367 (supplemental jurisdiction). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Jem because Jem is a New Jersey corporation with its principal place of business in New Jersey.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391.

## FACTUAL BACKGROUND

### Sounds Good's Acquisition and Use of the SIMPLEHOME Trademark

6. Since 2003, Sounds Good has been in the business of designing, installing, and maintaining home automation systems, including but not limited to entertainment systems.

7. In August 2014, Sounds Good purchased the assets of SimpleHome, LLC, a Massachusetts limited liability company.  SimpleHome, LLC had obtained a federal registration in the SIMPLEHOME trademark on June 6, 2006, and was using the mark in connection with, among other things, the installation and maintenance of security systems and entertainment systems.

8. Among SimpleHome, LLC's assets acquired by Sounds Good were the SIMPLEHOME trademark and associated goodwill.

9. Having acquired the SIMPLEHOME trademark and related goodwill, Sounds Good immediately launched a new product and service line, which it branded with the SIMPLEHOME trademark and refers to as its SIMPLEHOME division.  Through that new business line, Sounds Good sells, installs, and maintains home automation products for, among other things, home security and surveillance, entertainment, lighting control, energy management, and climate control.  Sounds Good also offers, through its SIMPLEHOME division, applications ("apps") through which a user can control all of these products from a device (such as a smart phone or iPad) at home or remotely.

10. Sounds Good operates a website at www.simplehome.net for its SIMPLEHOME division offerings.

11. The products that Sounds Good sells through its SIMPLEHOME division are purchased by Sounds Good from third parties, and Sounds Good's customers pay Sounds Good directly for those products together with installation and maintenance services. From the customer's perspective, all of the goods and services are offered and provided by Sounds Good's SIMPLEHOME division.

12. Sounds Good has invested hundreds of thousands of dollars in the SIMPLEHOME trademark, including (without limitation): the purchase price for the mark and related goodwill that it paid to SimpleHome, LLC; funds for the development of its SIMPLEHOME division and integration of that division into its existing business (including integration of hardware and software); funds for the development of the simplehome.net website; and funds for the preparation and distribution of promotional materials.

## Jem's Infringing Activity

13. In or about early 2015, Jem began promoting and selling home automation products, together with an app to control them, under the name SIMPLEHOME.

14. Jem's products are similar to the products that Sounds Good offers through its SIMPLEHOME division. Jem's SIMPLEHOME-branded products include an energy monitor, window sensor and alarm, motion sensor, security camera, and music speakers, and an app that Jem refers to as the "Simple Home App" through which a user can control all of these products from a device (such as a smart phone or iPad) at home or remotely.

15. Sounds Good promotes its SIMPLEHOME offerings on its website with the following description: "A simpleHome system can provide you with 24/7 remote access to your

home. Whether you are at work, or vacationing on the other side of the world, you can still be in control of your home. As long as you have access to a smart phone, tablet, or any standard Internet browser, you can check in on your home to adjust temperature, turn the lights on or off, or disable the security system -- all from a single app!"

16. To promote its SIMPLEHOME-branded products, Jem launched a website at www.gosimplehome.com. On its website, Jem states: "Link all your Simple Home devices within the App and control them from anywhere in the world! … You are now ready to monitor and control your home from anywhere."

17. Jem offers its SIMPLEHOME-branded products for sale through interactive websites of numerous national retailers, including Amazon, Home Depot, Sears, and Walmart, and through other sales channels, including Ebay and QVC.

18. Sounds Good has experienced multiple instances of confusion among customers and others resulting from Jem's use of the SIMPLEHOME trademark. For instance, without limitation:

    a. On April 20, 2016, a consumer contacted Sounds Good with questions about Jem's products.

    b. On May 1, 2016, a consumer contacted Sounds Good with questions about a Jem security camera.

    c. On May 2, 2016, a consumer contacted Sounds Good requesting help with the Jem app.

    d. On May 8, 2016, a consumer contacted Sounds Good with questions about Jem's products.

e. On May 12, 2016, Sounds Good received a telephone call from a television producer for the DIY Network. The producer said that, at the National Hardware Show in Las Vegas, she had filmed a segment featuring "Simple Home," and she needed additional signatures for releases. Sounds Good explained that its SIMPLEHOME division was not associated with the "Simple Home" company the producer had filmed.

f. On June 10, 2016, a consumer contacted Sounds Good, complaining about a Jem camera she had purchased from the Menards home improvement store.

### Jem's Application to Register a SIMPLEHOME Design Mark and Ensuing TTAB Proceedings

19. On July 24, 2015, Jem applied to the United States Patent and Trademark Office ("USPTO") to register a SIMPLEHOME design mark featuring the word SIMPLEHOME. In Jem's trademark application, it cited January 15, 2015 as the date of first use of the mark in commerce.

20. On May 14, 2016, Sounds Good filed with the Trademark Trial and Appeal Board an Opposition to Jem's application to register the SIMPLEHOME design mark. Jem filed an Answer in those proceedings (the "TTAB Proceedings").

21. Sounds Good intends to move to stay the TTAB proceedings during the pendency of this lawsuit.

### Sounds Good's Cease and Desist Letter and Jem's Continued Infringement

22. On March 30, 2016, Sounds Good's president Gregory Brett sent a letter to Jem demanding that it cease and desist from infringing on Sounds Good's SIMPLEHOME trademark. Despite the cease and desist letter, Jem continues to use Sounds Good's SIMPLEHOME trademark without authorization.

5

23. Jem's aforementioned conduct harms Sounds Good and unfairly benefits Jem in numerous ways. For example, Jem is free riding on the goodwill in the SIMPLEHOME brand that Sounds Good purchased and has continued to develop at considerable expense. As another example, to the extent a consumer has a negative experience with one of Jem's SIMPLEHOME products, that consumer is likely to attribute the experience to Sounds Good. In fact, as noted above, this has already occurred.

## COUNT ONE - INFRINGEMENT OF REGISTERED TRADEMARK
## (15 U.S.C. § 1114)

24. Sounds Good repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the preceding paragraphs.

25. Sounds Good owns a federal registration in the SIMPLEHOME trademark.

26. Jem has and is continuing to use, in commerce, a mark that is identical to the SIMPLEHOME trademark.

27. Jem's use of the aforementioned mark is without Sounds Good's authorization.

28. Jem's conduct is likely to cause confusion, mistake, and deception among consumers, and other people whose behavior affects Sounds Good's business interests. More specifically, as a result of Jem's conduct, people are likely to believe (incorrectly) that Sounds Good and Jem are affiliated, and/or that Jem's products are sold or endorsed by Sounds Good or vice versa.

29. Jem is therefore liable to Sounds Good for trademark infringement under 15 U.S.C. § 1114.

30. Jem's infringement is willful.

31. Sounds Good has been damaged by Jem's conduct in an amount to be determined at trial.

32. Unless stopped by an injunction, Jem's behavior will continue and will cause Sounds Good irreparable harm for which there is no adequate remedy at law.

### COUNT TWO - STATE TRADEMARK DILUTION
### (M.G.L. c. 110H, § 13)

33. Sounds Good repeats and realleges, as if fully set forth at this point herein, the allegations contained in all the preceding paragraphs.

34. The SIMPLEHOME trademark is distinctive.

35. Jem's use of the SIMPLEHOME trademark has caused a likelihood of injury to Sounds Good's business reputation or the distinctive quality of the SIMPLEHOME trademark.

36. Unless stopped by an injunction, Jem's behavior will continue and will cause Sounds Good irreparable harm for which there is no adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE**, Sounds Good prays that this Court enter judgment as follows:

A. Enjoin Jem, its agents, servants, employees and all persons acting for or on its behalf or in concert with it from maintaining, disseminating, reproducing, promoting, distributing, or otherwise using the SIMPLEHOME trademark or any mark confusingly similar thereto.

B. Award Sounds Good the damages it has suffered as a result of Jem's conduct.

C. Award Sounds Good the profits received by Jem as a result of Jem's trademark infringement, pursuant to 15 U.S.C. § 1117(a).

D. Award Sounds Good three times its actual damages, and the attorney's fees it incurs in connection with this action, pursuant to 15 U.S.C. § 1117(a).

E. Award Sounds Good the costs and expenses it incurs in connection with this action;

F.        Award Sounds Good interest at the statutory rate; and

G.        Award Sounds Good such other relief as may be deemed just and equitable.

## JURY DEMAND

Sounds Good demands a trial by jury on all matters and issues triable by a jury.

Respectfully submitted,

SOUNDS GOOD CORPORATION

By its attorneys,

s/ James T. Finnigan
James T. Finnigan
N.J. Bar No. 01684-1990
RICH MAY, P.C.
76 Federal Street
Boston, MA  02110
(617) 556-3800

Co-counsel

Frank N. Gaeta
*Pro Hac Vice* Application Forthcoming
RICH MAY, P.C.
176 Federal Street
Boston, MA  02110
(617) 556-3800
fgaeta@richmaylaw.com

Dated: January 5, 2017